O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9260 AHM (CWx) | Date | December 7, 2010 |
|---|---|---|---|
| Title | JANICE GILLINS v. U.S. BANK NATIONAL ASSOCIATION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     On December 2, 2010, Defendant U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A., removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). Defendant contends that although all four of Plaintiff's claims are brought pursuant to California statutory and common law, "Plaintiff has attempted to artfully plead" her first and second causes of action. Notice of Removal ¶¶ 4, 5. According to Defendant, these causes of action are actually federal claims "based on the failure to make certain loan disclosure [sic] as required by the Federal Truth in Lending Act." *Id.* at ¶ 5. Thus, Defendant asserts, under the well pleaded complaint rule Plaintiff's claims arise under the laws of the United States. *Id.* at ¶¶ 4, 5.

     A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

     Defendant's statement is short, but it is not plain or apparent to the Court why Plaintiff's claims arise under federal law. Although the Complaint references a forensic audit finding violations of federal statutes, on its face the claims are clearly brought under state law. Defendant is reminded that the artful pleading doctrine upon which it relies does not apply where a plaintiff has viable state and federal claims, and chooses to sue on the state claims. *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9260 AHM (CWx) | Date | December 7, 2010 |
|---|---|---|---|
| Title | JANICE GILLINS v. U.S. BANK NATIONAL ASSOCIATION, et al. | | |

(9th Cir. 1990) (reversing district court's denial of motion to remand and rejecting artful pleading argument because the doctrine is only invoked in "*exceptional circumstances*" and "raises difficult issues of state and federal relationships and often yields unsatisfactory results." (quotation marks and citation omitted)).

     Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **December 14, 2010** why this action should not be remanded for lack of removal jurisdiction. Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | SMO |